IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CR 11-185 |
| | ) |
| v. | ) |
| | ) |
| WAYNE MCCLEAN | ) |

### OPINION

### SYNOPSIS

On August 29, 2013, the Defendant pleaded guilty to violating 21 U.S.C. §§ 846 – conspiracy to distribute five kilograms or more of cocaine. The Honorable Maurice Cohill thereafter sentenced him to a term of imprisonment of 168 months, followed by a five-year term of supervised release. (ECF 678) Defendant is presently housed at FCI Morgantown.[1] Per Inmate Locator, his projected release date is September 29, 2025. Defendant has filed *pro se* Motions seeking home confinement or compassionate release pursuant to 18 U.S.C. § 3582.  (ECF 888, 889)[2] An attorney was appointed to supplement the Defendant's *pro se* submission. Ultimately, a counseled Motion was filed as was a supplement. (ECF 904, 916) Probation and the Government have responded. (ECF 910, 917, 918)  For the following reasons, Defendant's Motions will be denied.

### ANALYSIS

A court may reduce a term of imprisonment pursuant to 18 U.S.C. § 3582 if, having determined that the defendant has exhausted his administrative remedies, and

---

[1] The Defendant asserts that he is located at Ashland Federal Correctional Institution in Ashland, Kentucky. A search on Inmate Locator indicates he is located in FCI Morgantown. Regardless, his precise location is immaterial to resolution of this Motion.
[2] The Defendant previously filed a counseled motion pursuant to 18 U.S.C. § 3582 which was denied, without prejudice, for failure to exhaust. (ECF 884).

1

after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13.[3] According to pertinent application notes, circumstances that might constitute extraordinary and compelling reasons include "a serious physical or medical condition." Id. at comment. n. 1(A), (C). In addition, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" may exist based on the defendant's serious physical or medical condition, if that condition substantially diminishes his ability to provide self-care within the correctional facility environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii)).  To merit compassionate release, Defendant must show more than concerns about possibly being exposed to or contracting the virus. *See, e.g., United States v. Kealoha*, No. 17-00555, 2020 U.S. Dist. LEXIS 117698, at *17 (D. Haw. July 6, 2020).  Similarly, "the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release …." *United States v. Rader*, No. 17-0089, 2020 U.S. Dist. LEXIS 128835, at *8 (D. Md. July 22, 2020).  In addition to these principles, Defendant's Motion will be assessed in light of well-established liberal standards applicable to *pro se* filings.

In this case, Defendant asserts that he suffers from high cholesterol, high blood pressure, asthma, and previously experienced COVID-19. I will accept, for purposes of argument only, that the Defendant has exhausted his administrative remedies. The Centers for Disease Control and Prevention ("CDC") does state that people with

---

[3] While the Sentencing Commission's policy statement is not dispositive, it constitutes "helpful guidance." Doolittle, 2020 U.S. Dist. LEXIS 127801, at *6.

moderate-to-severe or uncontrolled asthma are more likely to be hospitalized from COVID-19.  However, the CDC does not list hypertension or prior exposure to COVID-19 as indicators of conditions which increase the likelihood of a person getting severely ill with COVID-19.

Further, the Government has provided proof that the Defendant has been fully vaccinated. (ECF 918 Ex. B) The Defendant received the second dose of the Pfizer vaccine in May 2021. The CDC explains that people are considered to be fully vaccinated two weeks after they have received the second dose in a 2-dose series. See Guidance for Fully Vaccinated People, CENTERS FOR DISEASE CONROL AND PREVENTION (updated July 27, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html [4] According to the CDC, the Pfizer vaccine is "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection." CDC, Information about the Pfizer-BioNTech COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html. Having been vaccinated, the Defendant "now has significant protection against serious illness or death should he contract COVID-19." *United States v. Singh*, Crim. No. 15-28, 2021 WL 92870, at * 3 (M.D. Pa. Mar. 11, 2021). As such, I am persuaded by the Government's argument that the administration of an effective COVID-19 vaccine lessens the risk of serious illness or death from a COVID-19 infection. *See also, United States v. Hannigan*, Crim. No. 19-373, 2021 WL

---

[4] According to the CDC, "currently authorized vaccines in the United States are highly effective at protecting vaccinated people against symptomatic and severe COVID-19. Additionally, a growing body of evidence suggests that fully vaccinated people are less likely to have asymptomatic infection and potentially less likely to transmit SARS-CoV-2 to others." *See Guidance for Fully Vaccinated People.*

3

1599707, at * 5-6 (E.D. Pa. April 22, 2021) ("Each of the authorized COVID-19 vaccines are highly effective at protecting vaccinated people against symptomatic and severe COVID-19."), *United States v. Roper*, Crim. No. 16-335, 2021 WL 963583, at * 4 (E.D. Pa. Mar. 15, 2021) (concluding that a defendant who has been inoculated with the Moderna vaccine does not have a risk of severe illness and therefore does not present an extraordinary and compelling reason for release), and *United States v. Stiver*, Crim. No. 17-64, 2021 WL 1110593, at * 1 (W.D. Pa. Mar. 23, 2021) (given the defendant's Pfizer vaccination, he cannot demonstrate an extraordinary and compelling reason for release). As have other courts, I recognize that the "COVID-19 situation is always-changing and that it is unclear how emerging COVID-19 variants will alter vaccine efficacy over time." *Hannigan*, 2021 WL 1599707 at * 5. As of now, however, the CDC indicates that the Defendant has significant protection against serious illness due to his vaccination. Consequently, I find that the Defendant has not demonstrated extraordinary and compelling reasons for release and I need not continue in my analysis. If the scientific information on the protection offered by vaccinations changes, the Defendant is free to file a renewed Motion. Because he cannot demonstrate extraordinary and compelling reasons supporting release at this time, the Motion is denied.

                BY THE COURT:

*Donetta F. Ambrose*
_____

                Donetta W. Ambrose
                Senior Judge, U.S. District Court

Dated: August 13, 2021